UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHARON K SEAL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 1:13-cv-01182-SEB-TAB |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on the Government's Motion to Dismiss the Complaint filed by Plaintiff for its failure to state a claim upon which relief may be granted under Rule 12(b)(6) or, in the alternative, under Federal Rule of Civil Procedure 56(c) and Rule 12(d). For the reasons stated below, Defendant's Motion is **GRANTED.**

## Factual Background

Plaintiff Sharon K. Seal seeks to recover for the personal injuries she suffered die to her unfortunate encounter with a United States Postal Service Vehicle on August 11, 2011. Compl. ¶¶ 5–7. On April 30, 2012, Plaintiff filed an administrative tort claim with the Postal Service on the basis of the personal injuries she sustained from the incident. Hudson Decl. ¶ 2. On December 3, 2012, the Postal Service denied Plaintiff's administrative claim, which it communicated to her via denial letter. *Id.* at ¶ 3. Under the Federal Tort Claims Act ("FTCA"), if dissatisfied with the Postal Service's denial, Plaintiff had the right to file suit in this Court within six months after the date the Postal Service mailed the denial letter. 28 U.S.C. § 2401(b). In Plaintiff's case, the six-month filing window ended on June 3, 2013. Plaintiff failed to file her

1

complaint in this Court until July 24, 2013, fifty-one days after the filing deadline had passed. (Dkt. 1).

## **Legal Standard**

A party may file a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss a claim to which a plaintiff is not entitled to relief. However, because Defendant has presented matters outside of the pleadings, we treat the motion as one for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). *See Grant v. U.S. Dep't of Hous. & Urban Dev.*, 2013 WL 2285568, at *1 (S.D. Ind. May 23, 2013). Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). When ruling on a motion for summary judgment, the Court must construe all justifiable inferences in favor of the non-movant. *Id.* at 255. The nonmoving party bears the burden of demonstrating that a genuine issue of material fact exists, and "[i]t is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying applicable evidence." *Waters v. Anonymous Hosp. A*, 2011 WL 1458161, at *2 (S.D. Ind. Apr. 14, 2011) (citing *Bombard v. Fort Wayne Newspapers, Inc.,* 92 F.3d 560, 562 (7th Cir. 1996).

**Discussion**

I.  **Plaintiff's Failure to Respond**

The United States filed the its Motion to Dismiss, or in the alternative, Motion for Summary Judgment, on September 27, 2013, to which Plaintiff has never responded. (Dkt. 8). Where a litigant effectively abandons litigation by not responding to alleged deficiencies in a motion to dismiss, we apply the Seventh Circuit's longstanding rule that the litigant has waived her arguments by failing to make them. *Burton v. City of Franklin,* 2011 WL 2938029, at *2 (S.D. Ind. July 18, 2011) (citing *Everroad v. Scott Truck Sys., Inc.,* 604 F.3d 471, 480 (7th Cir. 2010)). "When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action." *County of McHenry v. Ins. Co. of the West,* 438 F.3d 813, 818 (7th Cir. 2006). Thus, by failing to respond, Plaintiff has essentially defaulted, and we accept all of Defendant's plausible arguments as true for the purposes of this motion. *Burton,* 2011 WL 2938029, at *2.

II. **Plaintiff's Time-Barred FTCA Claim**

The United States contends that Plaintiff's complaint should be dismissed because it is barred by the statute of limitations controlling the timing of actions against the United States. Def.'s Br. at 2–3. The United States claims that Plaintiff failed to file her complaint in a timely manner because it was not filed within the six month period required by 28 U.S.C. § 2401(b). *Id.*

In pertinent part, section 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date

of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C.A. § 2401(b). Even if Plaintiff filed a timely administrative charge, section 2401(b) bars her claim if she failed to file suit in district court within six months following the mailing of the final notice of the agency's action on her claim was mailed. *State Farm Ins. Co. v. United States*, 6 F. Supp. 2d 985, 986–87 (N.D. Ill. 1998) (citing *Myszkowski v. United States,* 553 F.Supp. 66, 68 (N.D.Ill.1982)).

Here, Plaintiff filed a timely administrative claim in April of 2012. Compl. ¶ 13; Hudson Decl. ¶ 2. On December 3, 2012, the Postal Service denied Plaintiff's claim. Hudson Decl. ¶ 3. The notice of denial was sent by the Postal Service via certified mail and was received on December 6, 2012. *Id.* at ¶ 5. Plaintiff did not file her complaint in this action until July 24, 2013. (Dkt. 1). Therefore, she failed to file suit within six months as required by section 2401(b). *Tribue v. United States,* 826 F.2d 633, 634 (7th Cir. 1987).

By failing to respond to Defendant's Motion, Plaintiff concedes that she did not timely file suit pursuant to section 2401(b). Therefore, we **GRANT** Defendant's Motion, and all claims asserted against Defendant are **DISMISSED with prejudice.**

IT IS SO ORDERED.

Date: 6/25/2014

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

David W. Stewart
STEWART & STEWART
dave@getstewart.com

Jeremy S. Baber
STEWART & STEWART
jeremy@getstewart.com

Jonathan A. Bont
UNITED STATES ATTORNEY'S OFFICE
jonathan.bont@usdoj.gov